GRAND RAPIDS, GRAND HAVEN & MUSKEGON RAILWAY CO. *v* STEVENS.

1. FRAUD—OPTION TO PURCHASE LAND—SPECIFIC PERFORMANCE. On a bill to enforce specific performance of a contract to convey land for a right of way for an electric railroad, evidence examined, and *held*, insufficient to sustain a decree for complainant on the ground that the option for purchase was secured from the landowner by fraud and misrepresenting that complainant had the right to secure the land by condemnation proceedings.

2. SPECIFIC PERFORMANCE—OPTION TO PURCHASE LAND — FRAUD. Specific performance of the contract contained in an option to purchase land for right of way for an electric railroad will not be decreed in favor of the company where it appears that the option was procured from defendant by misrepresentation, that she expressed her dissatisfaction with the contract, and the company built its road across her land in the night against her protest.

ON MOTION TO MODIFY DECREE.

1. APPEAL AND ERROR — DETERMINATION OF CAUSE — EMINENT DOMAIN—AWARDING DAMAGES—POWER OF COURT.

In view of section 2, article 18, of the Constitution, this court, on dismissing a bill by an electric railroad company for specific performance of the contract to convey contained in an option to purchase land for right of way, has no power to determine defendant's damages for appropriating the right of way.

2. SAME—INJUNCTION—JURISDICTION.

This court, being without original jurisdiction in equity, has no power to enjoin defendant's interference with the operation of the road pending condemnation proceedings.

Appeal from Ottawa; Padgham, J. Submitted January 9, 1906. (Docket No. 45.) Decided April 30, 1906. Motion to modify decree denied June 4, 1906.

Bill by the Grand Rapids, Grand Haven & Muskegon Railway Company against Ursula M. Stevens for the specific performance of a land contract. From a decree for complainant, defendant appeals. Reversed, and bill dismissed.

*Carroll, Kirwin & Hollway* (*George A. Farr*, of counsel), for complainant.

*Fred M. Raymond* (*Hatch & Wilson*, of counsel), for defendant.

McALVAY, J. Complainant, a Michigan corporation, filed its bill in the Ottawa circuit court, in chancery, to enforce against defendant the specific performance of the following written option:

" *Whereas*, the Grand Rapids, Grand Haven & Muskegon Railway Company is about to commence the construction of an electric railway from the city of Grand Rapids, Kent county, Michigan, to the city of Muskegon, Muskegon county, Michigan:

" *Now, therefore*, in consideration of the sum of $1 and other valuable considerations, we hereby agree to grant

and convey to the said Grand Rapids, Grand Haven & Muskegon Railway Company, free from all liens and incumbrances, a strip of land 33 feet in width over and across the south half of my lands that abut the town line highway, said strip to parallel and adjoin the above highway, all of the above strip is located in section 35, T. 8 N., range 13 W.; as the same may be designated by said railway company, and we further agree to execute and deliver a proper deed of conveyance thereof upon payment of the sum of $35 and the furnishing of road crossings and a Page fence along the farm front.

"This option is good for six months from this date.

"In witness whereof, we hereunto set our hands and seals the thirteenth day of September, 1900.

"Miss URSULA M. STEVENS.  [SEAL.]

"Signed, sealed, and delivered
in the presence of
"R. S. CHAPPELL,
"JOHN C. LIGGETT.

"STATE OF MICHIGAN, ⎱ ss.:
County of Ottawa.   ⎰

"On this thirteenth day of September, A. D. 1900, before me the subscriber, a notary public in and for said county, personally came Ursula M. Stevens, known by me to be the party named in and who executed the foregoing option, and acknowledged the execution of the foregoing instrument to be her free act and deed and for the purposes and uses therein expressed.

"JOHN C. LIGGETT,
"Notary Public, Kent County, Michigan."

Complainant was constructing or about to construct an electric three rail railway. It had in its employment one Liggett who was securing the right of way for its road, and also one Chappell who was introducing Liggett and assisting him in such work. Defendant is the owner of 3½ acres of land near the village of Berlin, Ottawa county, upon which she resides with a family consisting of her father, mother, and sister, largely dependent upon her. The family is supported from the proceeds of garden truck raised upon this land by defendant with her sister's assistance, and by picking and selling berries. Defendant is, from an injury received when a child, a hunchbacked cripple.

Liggett has been engaged in railroad promoting and securing rights of way for 16 years. Chappell is a justice of the peace living in defendant's neighborhood, and had done a little business for her when she purchased the land. These parties came to her house September 13, 1900, between 1 and 2 o'clock in the afternoon, and remained from two to four hours for the purpose of securing this option. Before they left she signed the paper. On March 13, 1901, Mr. Wheeler on behalf of complainant tendered her a deed for signature and $35. She refused to execute the deed or accept the money. There is no dispute about the tender of the money, which has been kept good. Afterwards defendant forbade complainant's workmen to come on the land to construct the road, and attempted to prevent them. The road was built across her land in the night-time, against her protest, by a large gang of men. Defendant by her answer claims that the option was obtained from her by fraud, misrepresentation, duress, and undue influence, also that it was not mutually binding upon the parties in that complainant was not authorized and empowered by the statute under which it was organized to enter into such an agreement.

Defendant has appealed from a decree granting tne relief asked for by complainant. The case must be determined upon the facts. The testimony discloses that when Liggett and Chappell came to defendant, Chappell entered the house first and represented that he was friendly to her, that he was around introducing Liggett. There is a dispute in the testimony as to all that occurred at this interview. The length of time spent by these men at her house is indicative of the fact that much more occurred than is set forth in the brief direct examination of complainant's representatives. We find from the record that Liggett made statements to defendant which were false and misleading. He threatened condemnation proceedings if she refused the option, and enlarged upon the great expense it would make her. He admits he knew his company had no authority to condemn. This woman

was ignorant of business affairs, weak, crippled, and excitable. There is no dispute but that after she signed this paper she stated she was not satisfied, and had not been dealt fairly with. The record shows that this option was procured from her by means used on the part of the representative of complainant which amounted to a fraud upon her. As far as defendant is concerned there is no indication from this record that she states anything but the truth as to this entire transaction. She is supported by her sister and mother as to the part which they observed, and in large part by the men themselves, who both testified for complainant. The company built its road upon her land without right or authority, against the protest of this defendant. Under the statute when complainant organized, and when this option was secured, it was only authorized to maintain and own a *street railway in and along the streets and highways* of any township upon such terms and conditions as might be agreed upon by the company and the township board. It was by an amendment of the legislature of 1905 that such corporations were authorized to use private rights of way, and were given the right of eminent domain. Act No. 133, Pub. Acts 1905. It is not necessary to discuss the question of ultra vires raised by defendant in the case. The above statement relative to the statute is added as bearing upon matters already discussed, and because the record discloses that complainant and its agent Liggett knew at the time this option was secured that such amendment was necessary.

The decree of the circuit court is reversed, and the bill of complaint dismissed, with costs of both courts to defendant.

GRANT, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.

### ON MOTION TO MODIFY DECREE.

PER CURIAM. This is a motion by complainant to modify the decree to be entered in this case recently heard

in this court upon the appeal of defendant, wherein the decree rendered against her in the Ottawa circuit court, in chancery, was reversed, and the bill of complaint was dismissed. As the opinion in the case contains a full statement of the issue and the facts found by this court, a repetition is unnecessary.

We are asked to modify the opinion (1) by determining the defendant's damages for appropriating the right of way; or (2) by enjoining defendant from interfering with the operation of the railway pending condemnation proceedings. The Constitution of this State (article 18, § 2) provides that in taking private property for public use the necessity and compensation for such taking shall be ascertained by a jury. We have no authority to fix damages in this case. The case of *Lane* v. *Traction Co.*, 135 Mich. 70, relied upon by complainant, is distinguishable from the case at bar. In that case defendant traction company was lawfully in possession under a deed, but was building trestle work to carry its road, instead of building at grade. The bill was filed praying for an injunction, and also asking for damages. In the case at bar the only relief asked for is the specific enforcement of a contract to deed right of way. As far as the pleadings show, no possession had been taken or was claimed. It appears from the testimony that without right, at some time before the hearing, possession was wrongfully taken and the road built through the premises.

The facts presented by this motion are no part of the case appealed from. Original jurisdiction in equity is not vested in this court. We have no power or authority to issue the injunction as requested. It will not be presumed that, pending proceedings to condemn, defendant will be advised to interfere with the operation of the railway. If, pending such proceedings, an injunction is deemed necessary, a court of original and competent jurisdiction is the proper forum in which to institute the suit.

The motion is denied, with costs.